**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARTINE DEVINE,** | ) |
| **Plaintiff,** | ) |
| | ) |
| v | )   **2:13-cv-220** |
| **PITTSBURGH BOARD OF PUBLIC** | ) |
| **EDUCATION** *also known as* SCHOOL DISTRICT | ) |
| OF THE CITY OF PITTSBURGH AND **LOUANN** | ) |
| **ZWIERYZNSKI,** | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is the MOTION TO DISMISS (ECF No. 8), filed by

Defendants Pittsburgh Board of Public Education (the "School District") and Louann

Zwieryznski ("Zwieryznski ") with brief in support.  Plaintiff ("Devine") filed a brief in

opposition to the motion and it is ripe for disposition.


Factual and Procedural Background

This is an employment discrimination case.  As set forth in the Amended Complaint,

Devine has a Masters Degree in Education and a Reading Specialist Certificate.  She began

working for the School District in 2009 as an intervention specialist.  For the 2011-2012 school

year, Devine accepted an assignment teaching kindergarten at the Faison Elementary School and

Zwieryznski assumed the position of principal at Faison.  Devine had some prior experience

teaching kindergarten as a student teacher and as a substitute in a different school district.

Faison Elementary serves almost exclusively urban minority students.  Devine and Zwieryznski

are both white.

Zwieryznski is allegedly very conscious of race and attributes the root of social and

cultural problems to "white privilege."  Zwieryznski allegedly favored black teachers.  For

example, Devine requested training in curriculum development but did not receive training on the reading curriculum until February 2012 and never received training on the math curriculum. Multiple African-American teachers who taught first and second grade were given training on the math and reading curriculum. Despite the lack of training, Devine avers that she was a highly effective classroom teacher, and that objective tests of student performance confirm her accomplishments.

Devine alleges that maintaining order, discipline and a safe environment is the responsibility of the principal. Devine avers that she raised concerns with Zwieryznski regarding persistent behavioral and emotional problems of some of her students, which the principal ignored. Instead, Devine alleges, Zwieryznski stereotyped her as an embodiment of "white privilege" who was unable engage with and handle urban black children and began to orchestrate her dismissal.

On February 23, 2012, Devine was assaulted by a student. Devine was injured, filed a Notice of Work-Related Disability, and was placed on workers compensation until March 5, 2012. On February 24, Zwieryznski allegedly retaliated by creating a performance improvement plan ("PIP") which would serve as a pretext for finding Devine to be an inadequate teacher. Devine contends that Zwieryznski covered up her actions by performing a series of unduly critical observations of her classroom performance and rated her "unsatisfactory." For example, one of the observations was conducted on the day Devine returned from her injury leave and her room and supplies had been re-arranged in her absence.

The primary criticism of Devine's performance was her alleged failure to control or engage with students. The students at issue were the same students for whom Devine had sought intervention and assistance earlier in the year. In addition, Devine contends that other teachers

had far more problems maintaining order.  Devine contends that Zwieryznski applied different standards, based on whether or not the teacher was associated with "white privilege."

Devine received an "unsatisfactory" rating.  Because she was not tenured, the rating resulted in a warning from Human Resources that she would be fired with cause unless she resigned by June 15, 2012.  Facing that ultimatum, Devine resigned.

This case was filed in the Court of Common Pleas of Allegheny County, Pennsylvania. Defendants filed a Notice of Removal and a motion to dismiss the original Complaint.  Devine then filed an Amended Complaint, which asserts claims for: (1) violation of the Pennsylvania Whistleblower law; (2) wrongful discharge; (3) § 1983 equal protection claim; (4) Title VII race discrimination; and (5) age discrimination.  Defendants renewed the motion to dismiss.


Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6)  Upon review of a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)).  However, as the Supreme Court of the United States has made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion

to dismiss.  556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim.  *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675).  First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'"  *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original).  Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements."  *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burch*, 662 F.3d at 220-21).  The Court "must then determine

whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678).  The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met.  *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted).  The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits."  *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553).  Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)).  While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55).  Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678-79.

Legal Analysis

Defendants contend that the Amended Complaint should be dismissed in its entirety.  As to Count 1 (whistleblower), Defendants argue that Devine has failed to establish that she made a

5

report of "wrongdoing."  Defendants contend that Count 2 (wrongful discharge) must be

dismissed because Devine had the ability to challenge her discharge pursuant to the teacher

union collective bargaining agreement.  Defendants argue that the race-based § 1983 and Title

VII claims in Counts 3 and 4 must fail because Devine has failed to plead examples of disparate

treatment.  Finally, Defendants contend that Count 5 must be dismissed because the Amended

Complaint entirely fails to plead any inference of age discrimination.

Plaintiff concedes that Count 2 must be dismissed.  However, she maintains that Counts

1, 3, 4 and 5 are cognizable.  The Court will address those claims seriatim.


A.  Whistleblower Claim

The Pennsylvania Whistleblower Law provides:

(a)  Persons not to be discharged.--No employer may discharge, threaten or
     otherwise discriminate or retaliate against an employee regarding the
     employee's compensation, terms, conditions, location or privileges of
     employment because the employee or a person acting on behalf of the
     employee makes a good faith report or is about to report, verbally or in
     writing, to the employer or appropriate authority **an instance of wrongdoing**
     or waste.

43 P.S. § 1423(a) (emphasis added).  The Amended Complaint states that Devine reported

alleged violations of the Pennsylvania anti-bullying policy, as expressed in the Bullying Act, 24

P.S. § 13-1303-A, and the School District policies promulgated thereto.  The Amended

Complaint further states that Devine reported alleged violations of the federal Individuals With

Disabilities Act ("IDEA") as to the provision of support services for certain students with

behavioral problems.  Defendants argue that these allegations fail to allege the type of specific

"wrongdoing" that would support a whistleblower claim.  Plaintiff, in response, contends that she

has adequately identified violations of specific statutes.

The Whistleblower Law explicitly defines the term "wrongdoing" as "[a] violation which is not of a merely technical or minimal nature of a Federal or State statute or regulation, of a political subdivision ordinance or regulation or of a code of conduct or ethics designed to protect the interest of the public or the employer."  In *Riggio v. Burns*, 711 A.2d 497, 501 (Pa. Super. 1998), the Court rejected a whistleblower claim based on alleged improper supervision of residents performing epilepsy surgery, and explained that the Whistleblower Law does not apply where the standard of care is subject to interpretation, and the law does not specifically define the prohibited conduct.  Similarly, in *Hays v. Beverly Enterprises, Inc.*, 766 F. Supp. 350, 357 (W.D. Pa. 1991) *aff'd,* 952 F.2d 1392 (3d Cir. 1991), the Court rejected a whistleblower claim because the plaintiff had not demonstrated "that she was discharged for doing something that was required by positive law, or for refusing to do something that was prohibited by positive law, or that she was discharged for engaging [in] conduct that was privileged under positive law."

The same analysis applies here.  The gravamen of Devine's theory of "wrongdoing" is that Defendants failed to implement effective policies to prevent bullying and to provide appropriate special educational services.  Even assuming, arguendo, as in *Riggio* and *Hays*, that Devine's reports were motivated by good faith, the alleged misconduct of Defendants involved the exercise of professional judgment in promulgating overarching policies and is not sufficiently concrete to constitute "wrongdoing" under the Whistleblower Law.   The case on which Plaintiff relies, *Bielewicz v. Penn-Trafford Sch. Dist.*, 2011 WL 1486017 (W.D. Pa. Feb. 9, 2011) *report and recommendation adopted,* 2011 WL 1399839 (W.D. Pa. Apr. 13, 2011), is distinguishable because the plaintiff-teacher in that case alleged concrete, specific misconduct, such as: removing a failing student from her class and giving him a 100% grade in a different class;

7

forcing her to arbitrarily change student grades; allowing plagiarized reports to be rewritten; and allowing a student caught cheating to redo the work.  No such "wrongdoing" has been pled here.

In accordance with the foregoing, the motion to dismiss Count 1 of the Amended Complaint will be **GRANTED**.

B.  Equal Protection (§ 1983) and Title VII Claims

Race discrimination claims under § 1983 and Title VII are typically analyzed together. The elements of a *prima facie* case of employment discrimination are: (1) the plaintiff belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action.  *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). Defendants acknowledge that the governing legal principles "do not foreclose the theory advanced by Devine" (i.e., same-race discrimination).  Defendants also recognize that Devine has alleged that Zwieryznski applied a different standard to teachers who were associated with "white privilege."  Nevertheless, Defendants suggest that this allegation must be supported by particulars regarding specific disparate treatment of other teachers.

Plaintiff posits that Zwieryznski created a hostile work environment which led to her constructive discharge.  Plaintiff further contends that she has pled direct and circumstantial evidence of race-based animus in the Amended Complaint.

The Court concludes that Plaintiff has adequately pled her race discrimination claims. She has alleged various facts regarding disparate treatment by Zwieryznski  due to "white privilege," including denial of training opportunities provided to black teachers, different standards for student performance and different standards for control of student misbehavior.  To ultimately succeed on these claims, it will be incumbent upon Plaintiff to produce admissible

8

evidence of such disparate treatment.  Defendants will have a full opportunity to renew their contentions, if warranted, at the summary judgment stage.

In accordance with the foregoing, the motion to dismiss Counts 3 and 4 of the Amended Complaint will be **DENIED**.


C.   Age Discrimination Claim

In Count 5, Devine asserts a claim for age discrimination.  Although the Amended Complaint is silent as to her age, she notes in her brief that she is 47 years old.  Defendants contend that there are no facts set forth in the Amended Complaint to support an inference of age discrimination.  Plaintiff, in response, argues that the alleged discriminatory treatment she pled as the basis for race discrimination could also serve as the predicate for an age-based claim.

The Court agrees with Defendants.  At most, Devine has conclusorily alleged that she was one of the older teachers at Faison; that Zwieryznski favored younger teachers; and that the School District treated older teachers less favorably and pursued a concerted effort to thin their ranks.  In stark contrast to the specific allegations regarding Zwieryznski's attitudes as to "white privilege," Devine has pled no actual facts regarding age discrimination.  Under the *Twombly* standard, such rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements simply do not suffice.

In accordance with the foregoing, the motion to dismiss Count 5 of the Amended Complaint will be **GRANTED**.

<u>Conclusion</u>

The MOTION TO DISMISS (ECF No. 8) will be **GRANTED** as to Counts 1, 2 and 5 nd

**DENIED** as to Counts 3 and 4.


An appropriate Order follows.



McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARTINE DEVINE,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v** | )   **2:13-cv-220** |
| **PITTSBURGH BOARD OF PUBLIC** | ) |
| **EDUCATION** *also known as* SCHOOL DISTRICT | ) |
| OF THE CITY OF PITTSBURGH AND **LOUANN** | ) |
| **ZWIERYZNSKI,** | ) |
| **Defendants.** | ) |
| | ) |

## ORDER OF COURT

AND NOW, this 29th day of August, 2013, in accordance with the foregoing

Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that Defendants'

MOTION TO DISMISS (ECF No. 8) is **GRANTED** as to Counts 1, 2 and 5 and **DENIED** as to

Counts 3 and 4 of the Amended Complaint.  Defendants shall file an Answer on or before

September 12, 2013.


BY THE COURT:

s/Terrence F. McVerry
United States District Judge




cc:     **Edward A. Olds, Esquire**
        Email: edolds@earthlink.net

        **Brian P. Gabriel, Esquire**
        Email: bgabriel@cdblaw.com