**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARTINE DEVINE,** | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **2:13-cv-220** |
| v | ) |
| **PITTSBURGH BOARD OF PUBLIC** | ) |
| **EDUCATION** *also known as* SCHOOL DISTRICT | ) |
| OF THE CITY OF PITTSBURGH AND **LOUANN** | ) |
| **ZWIERYZNSKI,** | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM ORDER

Now pending before the Court in this "same race" employment discrimination case are

numerous Motions in Limine (ECF Nos. 65, 67, 69, 71, 73-77) filed by Plaintiff Martine Devine

("Devine") and Defendants Pittsburgh Board of Public Education (the "School District") and

Louann Zwieryznski ("Zwieryznski "). The parties have thoroughly developed their respective

positions (ECF Nos. 81-88) and the motions are ripe for disposition.

Jury selection is scheduled for December 1, 2015 with trial to commence on December 7,

2015. As counsel for both parties are acutely aware, it is the practice of this member of the

Court to resolve evidentiary issues in advance so that the presentation to the jury can proceed in

a focused, efficient and effective manner. Thus, this Memorandum Order will endeavor to draw

clear lines as to the evidence that may be presented at trial. Counsel will be expected to adhere

strictly to such rulings and to prepare their witnesses to do the same.

Factual and Legal Background

For the 2011-2012 school year, Devine accepted an assignment as a non-tenured

teacher/temporary professional employee to teach kindergarten at the Faison Elementary School

("Faison"). Zwieryznski commenced her position as principal at Faison the same year. Faison

serves urban minority students. Devine and Zwieryznski are both Caucasian. The other four kindergarten teachers at Faison in 2011-2012 were also Caucasian. The first-grade teachers at Faison that year were African-American.

Plaintiff's theory of the case is that Zwieryznski is very conscious of race and attributes the root of social and cultural problems to "white privilege." Devine contends that Zwieryznski stereotyped her as the embodiment of "white privilege" who was unable to engage with and handle urban black children. Devine contends that Zwieryznski orchestrated her dismissal due to her race and covered up the discrimination by performing a series of unduly critical observations of her classroom performance. In particular, Plaintiff points to various African-American first-grade teachers who seemingly had similar performance issues but were not placed on an Employee Improvement Plan (EIP) or rated unsatisfactory.

Defendants' theory of the case is that Devine was rated "unsatisfactory" based on her poor classroom performance, not her race. Defendants contend that Devine failed to correct the deficiencies noted on the February 24, 2012 EIP, despite being provided with support, coaching and/or observations from: (1) Marla Pelkofer, a reading specialist; (2) Kathryn Romea, a learning environment specialist; and (3) Amy Boyd, a math coach.

As explained in the Court's Summary Judgment Opinion of June 10, 2015, the only claims that remain for trial are for "same-race" discrimination under Section 1983 and Title VII. Race discrimination claims under § 1983 and Title VII are analyzed together under the same legal standards. The elements of a *prima facie* case of employment discrimination are: (1) the plaintiff belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir.

2003).    The Court rejected Plaintiff's contention that she has developed "direct evidence" of

race-based animus.  Thus, her claims will be assessed under the familiar burden-shifting

["pretext"] framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

The Court articulated the key issue for trial as follows:

> the key question is whether Defendants' reasons were a pretext for race
> discrimination.  In *Keller*, 130 F.3d at 1108, the Court of Appeals for the Third
> Circuit recognized that to determine whether a plaintiff has demonstrated pretext,
> "[t]he question is not whether the employer made the best, or even a sound,
> business decision; it is whether the real reason is [discrimination]."  In *Keller*, the
> court further explained that to survive the summary judgment stage, a plaintiff
> must show that the employer's decision "was so plainly wrong that it cannot have
> been the employer's real reason."   The focus is upon whether the cited reasons
> honestly motivated the decision at issue, not whether or not those reasons are
> factually accurate. *See Stahlnecker v. Sears*, 2009 WL 661927, at *6 (E.D.Pa.
> Mar. 11, 2009).  Phrased another way, pretext is not shown by evidence that "the
> employer's decision was wrong or mistaken, since the factual dispute at issue is
> whether discriminatory animus motivated the employer, not whether the employer
> is wise, shrewd, prudent, or competent." *Fuentes v. Perskie,* 32 F.3d 759, 765 (3d
> Cir. 1994).

To try to establish pretext, Plaintiff will be permitted to introduce evidence to contradict

the "core facts" put forward as the reasons for Defendants' decision.  *See Kautz v. Met-Pro Corp*,

412 F.3d 463, 467 (3d Cir. 2005).  She will also be permitted to show that she "satisfied the

criterion that the decisionmakers disapproving of her relied upon (e.g., by showing that others no

more qualified than [she] under that criterion were not treated adversely)"; or that the

decisionmakers did not actually rely upon that criterion.  See *Fuentes*, 32 F.3d at 767.

For example, Plaintiff may introduce evidence that behavioral problems in Devine's

classroom were limited to several specific students and were not different than behavioral

problems throughout the school; that Devine did have structures in place and planned for her

classes; and that Devine did work collaboratively and maintained professional relationships.  The

observations of Devine's performance, especially as compared to the performance of the first-

grade teachers, by co-workers such as Pelkofer, Romea, Boyd and O'Connell will be admissible.

Such testimony must be strictly limited to the personal knowledge of each witness. Plaintiff will

not be permitted to confuse and mislead the jury in an effort to second-guess the School

District's decision. The evidence must be narrowly focused on whether the decision was

motivated by race discrimination. With these general principles, the Court turns now to the

specific motions filed by the parties.


DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE CONFLATING
RACE NEUTRAL TERMS WITH ALLEGED RACIAL BIAS (ECF No. 65)

Defendants contend, somewhat vaguely, that Plaintiff should not be permitted to argue

that the phrase "low expectations" is a code word for racial bias. As to that general theory,

Defendants are correct. In the Summary Judgment Opinion, the Court rejected Plaintiff's

attempt to conflate "low expectations" with race. The Court stated: "To prevail in this case,

Plaintiff must prove that she was treated disparately because she is Caucasian – not because

Zwieryznski felt that she had low expectations of her students."

However, that does not end the analysis. The actual evidence that Defendants seek to

exclude is Plaintiff's Exhibit 3, which reflects Zwieryznski's handwritten notes from a seminar

on May 9-10, 2012. Those notes were made within days of the decision to rate Devine as

"unsatisfactory." A reasonable jury could infer from these notes that Zwieryznski linked her

"racial equity work" at the school with the need to terminate Devine's employment. Thus,

Plaintiff's Exhibit 3 will be admissible evidence.

In accordance with the foregoing, DEFENDANTS' MOTION IN LIMINE NO. 1 TO

EXCLUDE EVIDENCE CONFLATING RACE NEUTRAL TERMS WITH ALLEGED

RACIAL BIAS (ECF No. 65) is **DENIED**.

<u>DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE UNRELATED TO</u>
<u>THE DECISION-MAKING PROCESS (ECF No. 67)</u>

Defendants ask the Court to exclude any evidence unrelated to the performance

evaluation process for the 2011-2012 school year.  Specifically, Defendants seek to exclude:  (1)

Zwieryznski's notes from a November 18, 2010 seminar titled Race Equity and Leadership; (2)

testimony regarding a staff meeting at the beginning of the 2011-2012 school year in which

Zwieryznski shared her life experiences regarding race discrimination after having a bi-racial

child; (3) the May 2012 notes (discussed above); and (4) a statement by Zwieryznski during a

morning book study that "black children should look at black faces" [i.e., should have black

teachers].

Zwieryznski's motivation for her decision to terminate Devine's employment is the

central question for the jury.  Plaintiff must have an opportunity to try to convince the jury that

Zwieryznski's  proffered legitimate, non-discriminatory reasons were a pretext for race

discrimination.  Although the challenged evidence did not occur in the context of Devine's

performance evaluations, the comments were made by Zwieryznski, at school, during the

relevant time frame.  If believed, a reasonable jury could infer from such evidence that

Zwieryznski treated Devine differently because of her race.  In its Summary Judgment Opinion,

the Court held that such evidence did not rise to the level of "direct evidence," but stated that

such evidence could be considered at the pretext stage.  *See Ezold v. Wolf, Block, Schorr & Solis-*

*Cohen*, 983 F.2d 509, 546 (3d Cir. 1992) ("Such evidence does tend to add 'color' to the

employer's decisionmaking processes and to the influences behind the actions taken with respect

to the individual plaintiff." ).

On the other hand, the notations from the 2010 presentation entitled Race Equity and

Leadership are far too remote in time and context to be relevant to the employment decision in

2012. Neither Zwieryznski nor Devine were employed at Faison at the time. In addition, it is unclear whether the notes regarding "race is very important to me" reflect Zweiryznski's own thoughts or merely record the comments of the presenters. In light of the testimony regarding Zweiryznski's racial attitudes that the Court has deemed admissible (as explained above), any relevance of the 2010 notes is substantially outweighed by the Rule 403 factors of unfair prejudice, confusion, misleading the jury, undue delay, waste of time and cumulative evidence.

In accordance with the foregoing, DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE UNRELATED TO THE DECISION-MAKING PROCESS (ECF No. 67) is **GRANTED IN PART** as to the 2010 notes and **DENIED** in all other respects.


DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE RELATING TO CLAIMS PREVIOUSLY DISMISSED (ECF No. 69)

The Court granted summary judgment to Defendants as to Plaintiff's retaliation theory. As explained in the Summary Judgment Opinion, Plaintiff failed to establish a causal link between Devine's requests for student support services in late October and early November, 2011 and her placement on an EIP on February 24, 2012, almost four months later. Fatal to this theory was the fact that in the interim, on January 13, 2012, Devine received a satisfactory rating for the first semester. The Court held in its Summary Judgment Opinion that "No reasonable jury could conclude, based on the evidentiary record in this case, that Devine's alleged opposition to the Rehabilitation Act caused her to be placed on an improvement plan or rated unqualified." She will not be permitted to present a "back door" version of this retaliation theory to the jury. As explained above, Plaintiff must prove that she was discriminated against because of her race -- she will not be permitted to conflate "seeking student support services" with her race.

To be clear, it is not relevant for Plaintiff to try to prove that she had several students with serious support needs or that "Devine was overburdened due to factors that were beyond her control and that the unsatisfactory rating was not warranted." ECF #83 at 3. Devine cannot challenge the accuracy of her unsatisfactory rating by attempting to convince the jury that she was a good teacher and/or had a tough group of students. The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is discrimination.

In accordance with the foregoing, DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE RELATING TO CLAIMS PREVIOUSLY DISMISSED (ECF No. 69) is **GRANTED**.

DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE REGARDING EMPLOYEES WHO ARE NOT SIMILARLY SITUATED TO PLAINTIFF (ECF No. 71)

In this motion, Defendants concede that Plaintiff is entitled to introduce evidence relating to alleged disparate treatment of African-American first-grade teachers Allen, Jones and Jackson. However, Defendants object to evidence regarding any other alleged comparators. In response, Plaintiff contends that because Devine's unsatisfactory rating was vague and generalized, all of the teachers at Faison are similarly-situated. The Court is not persuaded by this overbroad argument. Plaintiff does offer several specific examples of the "comparator" evidence she intends to present, which the Court will now address seriatim.

Evidence regarding an African-American teacher who was permitted to drive Zwieryznski's car is not admissible because Devine's rating was entirely unrelated to cars/driving. Evidence that this same teacher did not follow the curriculum or submit lesson

plans is also not admissible because the cited portion of the Pelkofer Deposition reflects that her opinion is based on speculation from not seeing such plans in the teacher's school folder.

Evidence that a specific African-American teacher, Sabrina Stevens, went several weeks before teaching any lessons to her students is admissible. The cited portion of the Romea Deposition reflects that Zwieryznski knew about the incident; instructed Romea to "let her go"; and white teachers "that were doing the same thing" were pressured. Evidence of such a specific occurrence is sufficiently discrete and identifiable to enable rebuttal and – if believed – might support an inference of disparate treatment by Zwieryznski. By contrast, generalized opinions/beliefs from Romea and Pelkofer regarding alleged preferential treatment will not be admissible. As this Court stated in its Summary Judgment Opinion, "broad, conclusory opinions of co-employees are generally not admissible." *See, e.g., Javornick v. UPS*, 2008 WL 4462280 at *3 (W.D. Pa. 2008).

It is true that the question of whether comparators are similarly situated is generally a question of fact for the jury. *See McDonald v. Village of Winnetka,* 371 F.3d 992, 1002 (7th Cir. 2004). On the other hand, it is the Court's duty to rule on challenged evidentiary issues. As the parties are well-aware, this Court decides such disputes in advance to ensure a fair and efficient trial. Defendants have filed a motion to exclude all alleged comparator evidence, except as to the first grade teachers. As set forth above, the Court has ruled on all of the specific evidence cited by Plaintiff. If Plaintiff seeks to introduce any other alleged "comparator" evidence, the burden is on Plaintiff to disclose such evidence to the Court and defense counsel, to enable resolution in advance of trial. Otherwise, such evidence will be excluded.

In accordance with the foregoing, DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE REGARDING EMPLOYEES WHO ARE NOT SIMILARLY

SITUATED TO PLAINTIFF (ECF No. 71) is **DENIED IN PART** as to Sabrina Stevens

allegedly not teaching lessons and **GRANTED** in all other respects, without prejudice to

Plaintiff's ability to identify other specific "comparator" evidence within two (2) days of this

opinion and Defendants' ability to file a response within two (2) days thereafter.


DEFENDANTS' EXHIBIT D1, Devine's Unsatisfactory Rating File (ECF Nos. 73, 74)

Plaintiff filed two closely-related motions in limine (ECF Nos. 73, 74) to seek the

exclusion of Defendants' Exhibit D1, the Unsatisfactory Rating Packet for Martine Devine

and/or to exclude hearsay documents contained within that 155-page file. In essence, Plaintiff

contends that the file contains a variety of different categories of documents, many of which

contain hearsay and do not fit into any exception to the hearsay rule. In the alternative, Plaintiff

contends that the document was prepared in anticipation of litigation.

Defendants filed a single response to both motions. Defendants explain that the Rating

Packet was maintained in accordance with § 1123 of the Public School Code and 22 Pa. Code §

351.25(c) (which requires an unsatisfactory rating to be supported by anecdotal records).

Defendants contend that the rating packet constitutes a Business Record, such that it is

admissible under Fed. R. Evid. 803(6). Defendants represent that an appropriate foundation can

be established by Chief Human Resources Officer Jody Spolar and/or Zwieryznski and that

Devine received this exact document in 2012 when she met with Zwieryznski about her rating.

Defendants further represent that Plaintiff will have the opportunity to cross-examine each of the

authors of the documents contained in the Rating Packet.

Defendants' Exhibit D1 will be admissible, assuming that an appropriate foundation is established at trial.[1]  It appears to the Court that the exhibit qualifies under the "business records" exception in Fed. R. Evid. 803(6).[2]  As to Rule 403, this document is fundamental to Defendants' theory of the case – it contains the asserted legitimate, non-discriminatory reasons for Defendants' action.  Defendants shall be permitted to present their defense.  To reiterate, the question for the jury is <u>not</u> whether the criticisms of Devine's performance in the Rating Packet were right or wrong, but rather, whether the whole document and process were a pretext for race discrimination.

In accordance with the foregoing, PLAINTIFF'S FIRST MOTION IN LIMINE SEEKING THE EXCLUSION OF DEFENDANTS' EXHIBIT D1, THE UNSATISFACTORY RATING PACKET FOR MARTINE DEVINE (ECF No. 73) and PLAINTIFF'S SECOND MOTION IN LIMINE TO EXCLUDE HEARSAY DOCUMENTS CONTAINED IN D1 AND OTHER PROPOSED EXHIBITS AS EVIDENCE (ECF No. 74) are **DENIED**.


<u>PLAINTIFF'S THIRD MOTION IN LIMINE:  MOTION SEEKING THE EXCLUSION OF DEFENDANTS' EXHIBIT 4, TERRANOVA COMPLETE BATTERY SUMMARY REPORT FOR TEST DATE 4/23/12 (ECF No. 75)</u>

Defendants' Exhibit D4 sets forth the results of a TerraNova test that was administered to Devine's students during the school year.  However, it is undisputed that the results were not received until the next school year and they played no part in the unsatisfactory rating.  Plaintiff contends that the exhibit should be excluded as irrelevant.  Defendants agree and represent that they will not introduce Exhibit D-4.

---

[1] As authenticity and the Rule 803(6) factors do not appear to be seriously in dispute, the Court urges counsel to reach an appropriate stipulation to avoid waste of the jury's time.

[2] The Court concludes that the ratings packet was prepared in the regular course of business and not in anticipation of litigation.

However, Defendants seek to preserve their ability to introduce such evidence if Plaintiff opens the door, for example, by introducing the results of the Dibels test or otherwise asserting that her teaching results were effective. The Court agrees with Defendants. Because the TerraNova and Dibels results were not known when the relevant decisions were made, they will not be admissible at trial. However, such evidence may become admissible to rebut any assertion by Plaintiff that her teaching was effective. No particular expertise is required to understand Exhibit D4.

In accordance with the foregoing, PLAINTIFF'S THIRD MOTION IN LIMINE: MOTION SEEKING THE EXCLUSION OF DEFENDANTS' EXHIBIT 4, TERRANOVA COMPLETE BATTERY SUMMARY REPORT FOR TEST DATE 4/23/12 (ECF No. 75) is **GRANTED AS UNOPPOSED**.


PLAINTIFF'S FOURTH MOTION IN LIMINE: MOTION TO PRECLUDE EVIDENCE CONCERNING "WHY THE OTHER APPROXIMATELY 36 WHITE TEACHERS WERE NOT PLACED ON AN EIP OR RATED UNSATISFACTORY" (ECF No. 76)

Plaintiff seeks to exclude what the Court will describe as "reverse comparator evidence," i.e., evidence that none of the other 36 white teachers were placed on an IEP or rated unsatisfactory by Zwieryznski in 2011-2012. Defendants contend that it would be improper to allow testimony regarding comparators who help Plaintiff's case but to exclude comparators who hurt her case. The Court agrees. Evidence regarding other white teachers may not be dispositive, but it is probative as it goes directly to the central issue of Zwieryznski's motive. A reasonable jury could infer that if Zwieryznski did not place any of the other white teachers on an EIP, then her treatment of Devine may have been due to some reason other than her race. *See Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 524 (3d Cir. 2003) ("An employer's

11

favorable treatment of other members of a protected class can create an inference that the

employer lacks discriminatory intent.")

In accordance with the foregoing, PLAINTIFF'S FOURTH MOTION IN LIMINE:

MOTION TO PRECLUDE EVIDENCE CONCERNING "WHY THE OTHER

APPROXIMATELY 36 WHITE TEACHERS WERE NOT PLACED ON AN EIP OR RATED

UNSATISFACTORY" (ECF No. 76) is **DENIED**.


PLAINTIFF'S FIFTH MOTION IN LIMINE:  MOTION TO PRECLUDE TESTIMONY THAT
DEVINE'S CLASSROOM WAS UNSAFE FOR HER STUDENTS OR THAT SHE WAS A
"YELLER" (ECF No. 77)

Plaintiff seeks to preclude Zwieryznski's deposition comments regarding safety concerns

in Devine's classroom.  Plaintiff characterizes such comments as a post-hoc justification for the

decision, since there is no contemporaneous evidence of such concerns in the record.  Plaintiff

also seeks to exclude evidence that she was a "yeller" or "screamer."  Plaintiff contends that such

evidence is prejudicial, unfair and designed to cast her in an unflattering light.

Defendants point to numerous contemporaneous comments regarding Devine's classroom

management conduct, including:  (1) the IEP criticism that she needed to develop "effective

classroom management techniques" and motivate students "through use of appropriate and

positive reinforcement";  (2) Dr. Yonek's observation report regarding  "yelling" and "talking in

a very loud voice";  (3) Dr. Yonek's observation that a student vomited in a garbage can,

unbeknownst to Devine;  (4) Dr. Yonek's summary regarding the lack of positive interactions

with students and need to improve classroom management, as the atmosphere was "chaotic"; (5)

a reference in Zwieryznski's report to a chaotic classroom; (6) Amy Boyd's observation of a

student dumping his desk and throwing materials that hit another student in the head; and (7) Romea's and Pelkofer's testimony regarding Devine's yelling.

The Court concludes that references to yelling and a "chaotic" atmosphere in the classroom are admissible. Such comments are reflected in the notes made at the relevant time and do not constitute a post-hoc rationalization. Those classroom management concerns were among the legitimate, non-discriminatory reasons cited for Defendants' action.

By contrast, any references to an "unsafe" classroom will not be admissible. No safety concerns were raised at the time and any such references would create a substantial danger of unfair prejudice to Devine.

In accordance with the foregoing, PLAINTIFF'S FIFTH MOTION IN LIMINE: MOTION TO PRECLUDE TESTIMONY THAT DEVINE'S CLASSROOM WAS UNSAFE FOR HER STUDENTS OR THAT SHE WAS A "YELLER" (ECF No. 77) will be **GRANTED IN PART** as to any references to "safety" concerns, and **DENIED** in all other respects.

SO ORDERED this 12th day of November, 2015.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:     **Edward A. Olds, Esquire**
        Email: edolds@earthlink.net

        **Brian P. Gabriel, Esquire**
        Email: bgabriel@cdblaw.com