# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARTINE DEVINE,**  Plaintiff,  v  **PITTSBURGH BOARD OF PUBLIC EDUCATION** *also known as* SCHOOL DISTRICT OF THE CITY OF PITTSBURGH AND **LOUANN ZWIERYZNSKI,**  Defendants. | 2:13-cv-220 |

## MEMORANDUM ORDER

The trial of this "same race" employment discrimination case is scheduled to commence on December 7, 2015. It is the practice of this member of the Court to resolve evidentiary issues in advance so that the presentation to the jury can proceed in a focused, efficient and effective manner. Now pending are PLAINTIFF'S IDENTIFICATION OF COMPARATORS PER THIS COURT'S NOVEMBER 18, 2015 MEMORANDUM ORDER (ECF No. 97); PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S NOVEMBER 18, 2015 MEMORANDUM ORDER INSOFAR AS IT RELATES TO DEFENDANTS' MOTION IN LIMINE NO. 2 (ECF No. 103); and PLAINTIFF'S MOTION FOR CLARIFICATION OR RECONSIDERATION OF THIS COURT'S NOVEMBER 18, 2015 MEMORANDUM ORDER ON DEFENDANTS' MOTION IN LIMINE NO. 3 (ECF No. 107). Defendants Pittsburgh Board of Public Education (the "School District") and Louann Zwieryznski ("Zwieryznski ") have filed responses to the motions filed by Plaintiff Martine Devine ("Devine"), Devine filed a reply brief, and the motions are ripe for disposition.

Additional "Comparator" Evidence

Defendants concede that Plaintiff may introduce evidence relative to alleged disparate treatment of African-American first-grade teachers Allen, Jones and Jackson. However, Defendants filed a motion in limine to exclude evidence regarding any other alleged comparators. The Court has heretofore rejected Plaintiff's contention that <u>all</u> of the teachers at Faison are similarly-situated. In addition, the Court also ruled on the specific "comparator" evidence cited by Plaintiff in her response to the motion in limine and gave her an opportunity to disclose any other such evidence to enable resolution in advance of trial. In compliance with this directive, Plaintiff has since disclosed her intent to introduce alleged comparator evidence regarding fifth-grade teacher Jerone Morris and third-grade teacher Janice Motley, both of whom are African-American. Defendants object to such proposed evidence.

      1. Jerone Morris

The Court has previously rejected Morris as a valid comparator, albeit not by name. In the November 18th Memorandum Order, the Court specifically ruled that Plaintiff would not be permitted to introduce evidence "regarding an African-American teacher who was permitted to drive Zwieryznski's car" or that he had allegedly failed to complete lesson plans. That a fifth-grade teacher with no performance issues of record might be permitted to read novels with his students has no similarity or relationship whatsoever to the tasks and responsibilities of a kindergarten teacher. The deposition testimony of Romea cited by Plaintiff will not be admissible because it is not within Romea's personal knowledge. Plaintiff has offered no persuasive reason for the Court to reconsider its decision.

2. Janice Motley

Plaintiff seeks to introduce evidence, via the testimony of Marla Pelkofer, that Ms. Motley, an African-American third grade teacher, was permitted to vary from the curriculum while Devine, a Caucasian teacher, was required to adhere strictly to the curriculum. Assuming that Plaintiff can establish a proper foundation that such testimony is within Pelkofer's personal knowledge, it may be admissible. A reasonable juror could infer that Devine was treated differently by Zwieryznski because of her race.

Of course, Defendants will have the opportunity to rebut such testimony. Defendants will be permitted to introduce evidence that Ms. Motley was not similarly-situated to Devine due to factors including, but not limited to, years of experience, job-effectiveness and grade level. Defendants may also be permitted to introduce evidence that Dr. Carroll, a Caucasian kindergarten teacher, was permitted to vary from the curriculum. A reasonable juror could infer from such evidence that the alleged disparity in treatment was due to factors other than Devine's Caucasian race.

In accordance with the foregoing, PLAINTIFF'S IDENTIFICATION OF COMPARATORS PER THIS COURT'S NOVEMBER 18, 2015 MEMORANDUM ORDER (ECF No. 97) is **GRANTED IN PART** as to Janice Motley allegedly not following the curriculum and **DENIED** in all other respects. Except as specifically authorized herein and in the November 18 Memorandum Order (i.e., the first-grade teachers and Sabrina Stevens), Plaintiff will not be permitted to introduce any other alleged comparator evidence at trial.

Motions for Reconsideration

A motion for reconsideration is an extraordinary remedy that should be used sparingly and limited to exceptional circumstances. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). In the instant motions, Plaintiff presents additional evidence, all of which was readily available prior to the Court's original rulings. Reconsideration is not appropriate where a movant is simply seeking a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1231 (3d Cir. 1995).

1. 2010 Presentation Notes

Plaintiff asks the Court to reconsider its decision to exclude notations made by Zwieryznski during a 2010 seminar presentation entitled "Courageous Leadership, Translating Racial Equity Theory Into Practice." To place the motion for reconsideration in context, Plaintiff seeks to overturn the Court's decision to **deny** a motion in limine filed by Defendants. Specifically, the Court held that Plaintiff is entitled to introduce evidence regarding: (1) a staff meeting at the beginning of the 2011-2012 school year in which Zwieryznski shared her life experiences regarding race discrimination after having had a bi-racial child; (2) Zwieryznski's handwritten notes from a seminar on May 9-10, 2012, from which a jury might infer that Zwieryznski linked her "racial equity work" at the school with the need to terminate Devine's employment; and (3) a statement by Zwieryznski during a morning book study that "black children should look at black faces" [i.e., should have black teachers]. In other words, the Court has permitted the introduction of substantial testimony regarding Zwieryznski's alleged racial attitudes.

4

The Court agreed with Defendants only as to only one of Plaintiff's proposed exhibits. As the Court held in its November 18 Memorandum Order: "In light of the testimony regarding Zweirznski's racial attitudes that the Court has deemed admissible [as explained above], any relevance of the 2010 notes is substantially outweighed by the Rule 403 factors of unfair prejudice, confusion, misleading the jury, undue delay, waste of time and cumulative evidence."

Plaintiff contends that the Court made errors of fact and law. To the contrary, Plaintiff simply disagrees with this Court's careful weighing of the Rule 403 factors. To repeat, the 2010 notes were made at a time when neither Zwieryznski nor Devine were employed at Faison. In addition, it is unclear whether the notes reflecting "race matters to me," etc., reflect Zwieryznski's own thoughts or merely record the content of the speakers at the "racial equity" presentation she was attending at the time. The notes are hand-written, but correspond to a pre-printed list which purports to itemize the "Six Conditions" utilized in the Courageous Conversation protocol. At her deposition, Zwieryznski testified that she has no memory regarding these handwritten notes. Plaintiff will not be permitted to invite the jury to speculate regarding same. In sum, the Court adheres to its previous decision of inadmissibility.

In accordance with the foregoing, PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S NOVEMBER 18, 2015 MEMORANDUM ORDER INSOFAR AS IT RELATES TO DEFENDANTS' MOTION IN LIMINE NO. 2 (ECF No. 103) is **DENIED**.

2. "Low Expectations" Theory

The Court previously rejected Plaintiff's Rehabilitation Act retaliation claim, which was based on a theory that Defendants retaliated because Devine sought support services for several students. The Court also granted Defendants' motion in limine to exclude evidence relating to

this retaliation claim and explained that Plaintiff will not be permitted to present this theory through the "back door" by conflating Devine's efforts to seek student support services with her race. Plaintiff now seeks clarification/reconsideration of that ruling, and more generally, the boundaries of pretext evidence that may be admitted at trial.

To be sure, there is some tension in the law. On one hand, Plaintiff is entitled to attempt to convince the jury that the employer's cited reasons are a pretext for race discrimination. On the other hand, Plaintiff cannot invite the jury to second-guess the merits of the employer's evaluation of her performance as a teacher. "[T]he factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." *Fuentes v. Perskie,* 32 F.3d 759, 765 (3d Cir. 1994).

Because the proffered reasons in this case involve Devine's job performance, she is entitled to introduce evidence to show that the reasons proffered by Defendants are pretextual. However, contrary to Plaintiff's suggestion, she will not be permitted to introduce evidence or argument to show that her students met kindergarten benchmarks or that she was generally a "good teacher" based on factors not cited by Defendants. That is <u>not</u> the question for the jury and would confuse the issue. "The employee's positive performance in another category is not relevant, and neither is the employee's judgment as to the importance of the stated criterion." *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 647 (3d Cir. 1998). The issue for the jury is whether Defendants' stated reasons were a pretext for discrimination because of Devine's race.

The evidence in this trial must be narrowly tailored to the reasons cited by Defendants in the EIP and unsatisfactory rating. Plaintiff shall and will be entitled to contradict the "core facts" cited by Defendants and show that she was held to a different standard than African-American

teachers as to those specific criteria. Plaintiff may win by casting substantial doubt on a fair number of the reasons cited by Defendants, such that the jury disbelieves their remaining reasons. But Plaintiff will not be permitted to invite the jury to second-guess the employer's business judgment.

Evidence relating to Devine's requests for student support services will not be admissible. Such evidence would not be relevant because "seeking support services" was not one of the reasons cited by Defendants in the EIP or the unsatisfactory rating. Any possible relevance of such evidence is substantially outweighed by the Rule 403 factors (confusing the issue, misleading the jury, undue delay, wasting time).

Plaintiff will not be permitted to present its "low expectations" theory to the jury. Plaintiff's basic theory of the case -- that a white principal discriminated against a white teacher because of her white race -- is counter-intuitive, and will be difficult enough for the jury to grasp. *See, e.g. Sherrod v. Booker T. Washington Ctr.*, 2006 WL 2707317, at *7 (W.D. Pa. Sept. 19, 2006) (numerous citations omitted) (fact that decision-maker and employee are of the same race "considerably undermine[s] the probability that race was a factor in the employment decision"). Plaintiff's "low expectations" theory is far more attenuated and speculative and has great potential to further confuse and mislead the jury. In essence, Plaintiff will seek to argue that: (1) Zwieryznski believed that Devine requested extra support services for her students because she had low expectations for them; (2) Zwieryznski believed that Devine had low expectations for her students because Devine stereotyped the black students; (3) Zwieryznski stereotyped Devine as "white privileged" because she thought that Devine stereotyped the students; (4) Zwieryznski used the term "low expectations" as a code word for "white privilege"; and (5) Zwieryznski engineered the termination of Devine's employment because she is white. There appears to be a

7

lack of evidence and lack of causal connection at each of these logical leaps.[1] Most problematic, having "low expectations" is not a protected class under Title VII. Thus, even assuming, arguendo, that Zwieryznski rated Devine unsatisfactory because Devine had low expectations of the students, Devine would not have a cognizable discrimination claim. To prevail in this case, Plaintiff must prove that she was treated disparately because she is Caucasian – not because Zwieryznski felt that she had low expectations of her students.[2] The Court adheres to its conclusion that the speculative "low expectations" theory would mislead, confuse and distract the jury from the real issue in this case – whether Devine was discriminated against because of her race.[3] Plaintiff has not met the standard for reconsideration.

In accordance with the foregoing, PLAINTIFF'S MOTION FOR CLARIFICATION OR RECONSIDERATION OF THIS COURT'S NOVEMBER 18, 2015 MEMORANDUM ORDER ON DEFENDANTS' MOTION IN LIMINE NO. 3 (ECF No. 107) is **DENIED**.

**SO ORDERED** this 3rd day of December, 2015.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Edward A. Olds, Esquire**
Email: edolds@earthlink.net

**Brian P. Gabriel, Esquire**
Email: bgabriel@cdblaw.com

---

[1] For example, Zwieryznski's actual response, when asked whether "[low] expectations is really just another way of saying prejudice, right?" was "No, it's not. That's very, very, very different." Zwieryznski Deposition at 105.
[2] Even if Zwieryznski terminated Devine's employment because she mistakenly thought that Devine was prejudiced against the black students, Devine would not have a valid claim. An employer may discharge an employee believed to be racist without running afoul of Title VII. *Burke v. Sears-Roebuck Co.*, 1999 WL 358915 * 1 (E.D. Pa. 1999).
[3] To clarify, Plaintiff's Exhibit 3, which reflects Zwieryznski's handwritten notes from a seminar on May 9-10, 2012 and mentions "low expectations," is admissible because a reasonable jury could infer from these notes that Zwieryznski linked her "racial equity work" at the school with the need to terminate Devine's employment.